IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JOSEPH STANLEY HARJO,<br><br>*Defendant.* | Case No. CR-21-022-RAW |

### ORDER

Before the court is the Government's motion in limine pursuant to Federal Rules of Evidence 401, 402, 403, 801, and/or 802 to exclude evidence and mention of the Defendant's 2010 acquittal on charges related to the alleged child molestation of A.B. and R.B. [Docket No. 33]. The Government also moves the court to allow, pursuant to Rule 414, the introduction of evidence of the child molestation of A.B. and R.B. The motion was filed on July 28, 2021. On August 3, 2021, Defendant moved the court for an extension of time to respond to the motion. The court granted an extension until August 13, 2021. Perhaps for the reasons stated in the motion, Defendant did not respond to the motion.

As to the Government's motion for admission of evidence of the molestation of A.B. and R.B., the motion is granted. Rule 414 of the Federal Rules of Evidence states that in a "criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Defendant is charged in this case with aggravated sexual abuse of J.B., who had not attained the age of 12 years. Defendant was accused by A.B. and R.B. when they were the ages of five and seven, respectively, of molestation. A.B.'s and R.B.'s allegations are relevant to the issues in this case, and the probative value is not substantially outweighed by

the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

As to the Government's motion for exclusion of the acquittal related to A.B.'s and R.B.'s allegations, the motion is also granted. In *United States v. Sutton*, 732 F.2d 1483 (10th Cir. 1984), the Tenth Circuit held that while evidence of other crimes was admissible to show a defendant's motive and intent, the fact that the defendant was acquitted of charges related to those same crimes was inadmissible hearsay. "The Federal Rules of Evidence except from the operation of the hearsay rule only judgments of conviction, Rule 803(22), not judgments of acquittal." *Id*. at 1492 (citation omitted). "[A] judgment of acquittal is hearsay, and there is no exception to the hearsay rule for judgment of acquittal." *Id*. at 1493 (citations omitted).

Moreover, "judgments of acquittal are not generally relevant, because they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt." *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003) (citation omitted); *see also United States v. Brown*, 730 Fed.Appx. 638, 651 (10th Cir 2018) (unpublished) (citing *Sutton*, 732 F.2d at 1493, and finding that because an acquittal did not demonstrate actual innocence, and only proved that a jury found reasonable doubt as to the conduct charged, it was not admissible). The 2010 acquittal is not relevant to the issues in this case. Moreover, even if it were, the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

Accordingly and as stated herein, the motion in limine [Docket No. 33] is hereby GRANTED.

**IT IS SO ORDERED** this 13th day of September, 2021

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**