IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JOSEPH STANLEY HARJO,<br><br>*Defendant.* | Case No. CR-21-022-RAW |

## **ORDER**

The Defendant is charged in this case with aggravated sexual abuse in Indian Country. Specifically, the Defendant is charged with the aggravated sexual abuse of his then-six-year-old daughter, J.B. Now before the court is the Defendant's motion in limine to preclude Rule 414 evidence [Docket No. 64]. The Defendant seeks to suppress evidence of his alleged child molestation of R.B., A.B., C.H., L.H., and M.M. He requests a hearing.

On July 27, 2021, the Government filed its notice of intent to admit evidence of other child molestation. In that notice, the Government detailed the 2008 child molestation allegations of A.B. and R.B. when they were the ages of five and seven, respectively;[1] the 2012 child molestation allegations of C.H. when she was thirteen years old;[2] the 2013 child molestation

---

[1] A.B. and R. B. are the nieces of C.B., who is the mother of the alleged victim in the instant case – J.B. The court previously granted the Government's motion for admission of evidence of the molestation of A.B. and R.B. Docket No. 54. As the court had not received a response from Defendant prior to that ruling, the court reconsiders the motion more fully herein.
[2] C.H. is the Defendant's daughter.

allegations of L.H. when he was eleven years old;[3] and the 2014 child molestation allegations of M.M. when she was twelve years old.[4]

Under Rule 414, the court is to "'*liberally*' admit evidence of prior uncharged sex offenses" in sexual assault and child molestation cases. *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) (emphasis added). Before the court can admit such evidence, it must determine that: (1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." *United States v Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998). In this case, as the Government set forth in its notice, the Defendant is charged with child molestation; the evidence proffered – the allegations of A.B., R.B., C.H., L.H., and M.M. – is evidence of the Defendant's commission of other offenses involving child molestation; and the evidence is relevant.

Of course, Rule 414 evidence is also subject to the Rule 403 balancing test.[5] "[T]he exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence 'normally' should be admitted." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998). The *Enjady* court goes on to hold that in the context of sexual assault evidence, Rule 403 requires the court to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the

---

[3] L.H. is the Defendant's son.
[4] M.M. is the daughter of L.L. with whom the Defendant has children, including C.H. and L.H.
[5] "The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

>jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Id*.  The court "must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Id*.

In analyzing probativeness under the second *Enjady* factor, the court also considers: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *United States v. Benally*, 500 F.3d at 1090-91 (10th Cir. 2007) (citing *Guardia*, 135 F.3d at 1331)).

As to the second *Enjady* factor, the court has considered these five factors and finds that the evidence of the Defendant's molestation of R.B., A.B., C.H., L.H., and M.M. is highly probative.  As to the third *Enjady* factor, the court finds that the material facts are hotly disputed.  As to the fourth *Enjady* factor, the court finds that the Government cannot avail itself of any less prejudicial evidence.

As to the first *Enjady* factor – how clearly the prior acts have been proved – the court will allow the parties to make further argument at the pretrial conference on October 21, 2021.  It is not necessary, and the court will not hold five mini-trials prior to the trial in this case.  Nevertheless, before admitting the evidence of the Defendant's molestation of R.B., A.B., C.H., L.H., and/or M.M., the court must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that those acts occurred.  The court, of course, will consider each allegation separately.

The court will also hear further argument about the probative dangers, including: (1) how likely is it this evidence will contribute to an improperly-based jury verdict; (2) the extent to

which the evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct.

Also before the court is Defendant's motion to reconsider the court's September 13, 2021 Order [Docket No. 54] ruling that the Defendant may not introduce evidence of the Defendant's acquittal in state court on the allegations by R.B. and A.B. [Docket Nos. 55 and 78]. If evidence of the allegations of R.B. and A.B. are ultimately admitted after further argument on the first *Enjady* factor and probative dangers, the court's ruling stands as to evidence of acquittal.

As noted in the September 13, 2021 Order, while evidence of other crimes is admissible to show a defendant's motive and intent, the fact that the defendant was acquitted of charges related to those same crimes is inadmissible hearsay. *United States v. Sutton*, 732 F.2d 1483, 1493. "[A] judgment of acquittal is hearsay, and there is no exception to the hearsay rule for judgment of acquittal." *Id*. (citations omitted). Moreover, "judgments of acquittal are not generally relevant, because they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt." *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003) (citation omitted); *see also United States v. Brown*, 730 Fed.Appx. 638, 651 (10th Cir 2018) (unpublished) (citing *Sutton*, 732 F.2d at 1493, and finding that because an acquittal did not demonstrate actual innocence, and only proved that a jury found reasonable doubt as to the conduct charged, it was not admissible). Of course, the Defendant may introduce evidence of inconsistent statements, but need not mention that any inconsistent statements were made at a previous trial.

IT IS SO ORDERED this 20th day of October, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**