IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. JOSEPH STANLEY HARJO, *Defendant*. | Case No. CR-21-022-RAW |

## ORDER

The Defendant is charged in this case with the aggravated sexual abuse in Indian Country of his daughter, J.B., who was six-years old at the time of the alleged abuse. On July 27, 2021, pursuant to Federal Rule of Evidence 414, the Government filed its notice of intent to introduce evidence of other child molestation [Docket No. 32]. The Government noticed its intent to introduce evidence of the child molestation of A.B., R.B., C.H., L.H., and M.M. In that notice, the Government detailed the 2008 child molestation allegations of A.B. and R.B. when they were the ages of five and seven, respectively;[1] the 2012 child molestation allegations of C.H. when she was thirteen years old;[2] the 2013 child molestation allegations of L.H. when he was eleven years old;[3] and the 2014 child molestation allegations of M.M. when she was twelve years old.[4]

Simultaneously with its Rule 414 notice, the Government filed its motion in limine to exclude evidence and mention of the Defendant's 2010 acquittal on charges related to the alleged child molestation of A.B. and R.B., as well as for the court to allow pursuant to Rule 414 the

---

[1] A.B. and R. B. are the nieces of C.B., who is the mother of J.B., the alleged victim in this case.
[2] C.H. is the Defendant's daughter.
[3] L.H. is the Defendant's son.
[4] M.M. is the daughter of L.L. with whom the Defendant has children, including C.H. and L.H.

introduction of evidence of the child molestation of A.B. and R.B [Docket No. 33]. The court granted the Defendant's motion for extension of time to respond until August 13, 2021. After no response was filed, on September 13, 2021, the court granted the Government's motion. The Defendant's counsel then filed a motion to reconsider [Docket No. 55], informing the court of her misunderstanding and belief that the extension of the trial date in this case extended the response date. The court later directed the Defendant to file a response, which the Defendant did so file [Docket No. 76].

On September 28, 2021, the Defendant filed a motion in limine as to all five children - A.B., R.B., C.H., L.H., and M.M. [Docket No. 64]. On October 20, 2021, the court entered an order, upholding its September 13, 2021 ruling as to evidence of the Defendant's acquittal on charges related to the allegations of A.B. and R.B. The court stated, however, that it would reconsider its ruling as to the admission of evidence of the allegations of A.B. and R.B. The court discussed Rule 414, Rule 403, and the *Enjady* factors as they related to evidence of the allegations of A.B., R.B., C.H., L.H., and M.M. The court then stated that it would hear further argument at the pretrial conference. The pretrial conference was held on October 21, 2021, and the court heard argument from the parties.

As stated in its October 20, 2021 Order, the court notes that under Rule 414, the court is to "'*liberally*' admit evidence of prior uncharged sex offenses" in sexual assault and child molestation cases. *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) (emphasis added). Before the court can admit such evidence, it must determine that: (1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." *United States v Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998).

In this case, as the Government set forth in its notice, the Defendant is charged with child molestation; the evidence proffered – the allegations of A.B., R.B.,[5] C.H., L.H., and M.M. – is evidence of the Defendant's commission of other offenses involving child molestation; and the evidence is relevant.

Of course, Rule 414 evidence is also subject to the Rule 403 balancing test. "The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

"[T]he exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence 'normally' should be admitted." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998). The *Enjady* court goes on to hold that in the context of sexual assault evidence, Rule 403 requires the court to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Id*. The court "must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Id*.

The court has considered the briefing and the argument from the parties at the pretrial conference and finds that based upon what was presented in the Government's Rule 414 notice

---

[5] The Defendant argues that R.B. alleges only that the Defendant rubbed her breasts under her shirt and that this conduct does not constitute child molestation because he did not touch her genitals or anus. The court is not convinced. *See* Fed. R. Evid. 414(d)(2)(A) and 18 U.S.C. § 2246(3)("the term 'sexual contact' means the intentional touching, either directly or through the clothing, of . . . the breast . . . .").

3

as to each child – A.B., R.B., C.H., L.H., and M.M. – a jury could reasonably find by a preponderance of the evidence that the acts occurred.

As cited previously, in analyzing probativeness under the second *Enjady* factor, the court also considers: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *United States v. Benally*, 500 F.3d at 1090-91 (10th Cir. 2007) (citing *Guardia*, 135 F.3d at 1331)).

The court has considered these five factors and finds that the evidence of the Defendant's alleged child molestation of A.B., R.B., C.H., L.H., and M.M. is highly probative. The acts are similar. The time lapse is not significant, especially given the frequency of the prior acts. The Defendant was accused by his nieces in 2008, his daughter in 2012, his son in 2013, his stepdaughter in 2014, and now by another daughter in 2016. The court is unaware of any intervening events that would affect the probativeness of the evidence. Finally, given that the Defendant ardently contests J.B.'s allegations in this case, there is a need for evidence beyond her testimony.

As to the third *Enjady* factor, as noted above, the material facts in this case are hotly disputed. As to the fourth *Enjady* factor, the court finds that the Government cannot avail itself of any less prejudicial evidence.

At the pretrial conference, the court also heard further argument about the probative dangers. The court considers the probative dangers of the evidence, including: (1) how likely is it this evidence will contribute to an improperly-based jury verdict; (2) the extent to which the evidence will distract the jury from the central issues of the trial; and (3) how time consuming it will be to prove the prior conduct. The Government has assured the court that it will not put on

mini-trials, but will simply call these children to testify, and that the evidence will not distract the jury from the central issues of the trial.  The court finds that it is not likely this evidence will contribute to an improperly-based jury verdict.

Accordingly, the Defendant's motion in limine [Docket No. 64] is hereby DENIED.[6] The Defendant's motion to reconsider the court's September 13, 2021 Order as to A.B. and R.B. [Docket No. 55] was previously granted insofar as the court allowed the Defendant to file a response, and the court reconsidered its ruling.  It is DENIED in all other respects.

**IT IS SO ORDERED** this 27th day of October, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[6] As this Order was about to be entered, the court received the Defendant's motion to reconsider its ruling on Docket No. 64 [Docket No. 87].  As the procedural history outlined herein shows, the court had not yet ruled upon Docket No. 64; thus, a motion to reconsider was not necessary, and the court considers this to be supplemental briefing.  In this supplemental briefing, the Defendant requests an evidentiary hearing to determine how clearly the acts have been proved and whether a jury could reasonably find the acts occurred.  The Defendant argues that the Government has not even spoken to the five children making the claims.  The court shares the Defendant's concern.  Nevertheless, the court will not require these witnesses to testify twice.  The court admonishes the Government, however, that should it introduce any one of these witnesses and the court then determine that a jury could not reasonably find that the act(s) occurred, it will not hesitate to find a mistrial.