IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. JOSEPH STANLEY HARJO, *Defendant.* | Case No. CR-21-022-RAW |

**ORDER**

Before the court is the Government's motion in limine regarding declaration of J.B. [Docket No. 74]. The Government requests the admission at trial of an out-of-court declaration by J.B., the victim listed in the Indictment. The Government informs the court that Amber Byers, the Defendant's then-girlfriend told police that the morning after she, J.B., and the Defendant fell asleep in the same bed at her house, that she overheard a conversation between J.B. and the Defendant during which J.B. said something to the Defendant that included the words "touch me." The Defendant then responded to J.B. by saying, "I didn't do anything to you girl. I don't know what you're talking about."

"Hearsay" is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A "statement" is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). "The key to the definition is that nothing is an assertion unless intended to be one." Fed. R. Evid. 801(a) advisory committee's note.

The Government contends that J.B.'s words "touch me" do not constitute hearsay because they do not necessarily constitute an assertion and because they are not offered for their truth, but to add context to the Defendant's response that he "didn't do anything" to J.B.  The Defendant and the court disagree.  Given the allegations at issue in this case, it appears obvious to the court that the Government's hope and expectation is that the jury will guess that those two words were part of an assertion, specifically J.B.'s assertion to the Defendant that he touched her.  The words are offered for the truth.  The court also agrees with the Defendant that J.B.'s words are not necessary to add context to the Defendant's response.

Alternatively, the Government argues that if the words "touch me" constitute an assertion, they are admissible under the excited-utterance exception to the hearsay rule.  "A statement relating to a startling even or condition, made while the declarant was under the stress of excitement that it caused" is "not excluded by the rule against hearsay."  Fed. R. Evid. 803(2).  The "excited-utterance exception has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event."  *United States v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010).  In considering the second element,

> [a]mong the more relevant factors are: the amount of time between the event and the statement; the nature of the event; the subject matter of the statement; the age and condition of the declarant; the presence or absence of self-interest; and whether the statement was volunteered or in response to questioning.

*Id*.

While the first requirement is met – a father touching his daughter's vagina under the clothing is most certainly a startling event – and the third requirement may be met, the second requirement has not been met.  J.B. did not make the statement immediately upon the alleged touching.  She made the statement the next morning.  The circumstances of the statement are

largely unknown, as so little of it was overheard by Amber Byers.  When Ms. Byers then questioned J.B. about the exchange, J.B. would only say that she wanted to go home.  While Ms. Byers described J.B. as being upset at the time, Ms. Byers did not describe J.B. as being frightened or crying or even on the verge of tears.

The court finds that J.B.'s words "touch me" are hearsay and are not an excited utterance. The court further notes that the introduction of those two words would be of little use to the jury and in fact could confuse the jury.  The Government's motion, therefore, is DENIED.

**IT IS SO ORDERED** this 28th day of October, 2021.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**