# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOSEPH STANLEY HARJO,<br><br>　　　Defendant. | Case No. CR-21-022-RAW |

### ORDER

Before the court is Defendant's post conviction motion for judgment of acquittal pursuant to Rule 29, or in the alternative, motion for new trial pursuant to Rule 33 [Docket No. 111] and the Government's response thereto [Docket No. 115]. Also before the court is the Defendant's motion to arrest judgment pursuant to Rule 34 [Docket No. 112] and the Government's response thereto [Docket No. 116].

### Motion for Judgment of Acquittal

Rule 29 permits a defendant to renew a motion for a judgment of acquittal within fourteen days after a guilty verdict, which the Defendant has done by the instant motion. Fed. R. Crim. P. 29(c)(1). Upon this motion, the court may set aside the verdict and enter an acquittal. Fed. R. Crim. P. 29(c)(2). The court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

In reviewing the sufficiency of the evidence presented at trial, the court views "the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government." *United States v. Hale*, 762 F.3d 1214, 1222 (10th Cir. 2014). The court will grant

a motion for a judgment of acquittal "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 1222-23 (citation omitted). In making this determination, the court "may neither weigh conflicting evidence nor consider the credibility of witnesses. It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented." *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015) (citing *United States v. McKissick*, 204 F.3d 1282, 1289-90 (10th Cir. 2000). The court owes "considerable deference to the jury's verdict." *Id*. (citing *United States v. Mullins*, 613 F.3d 1276, 1280 (10th Cir. 2010).

Of course, "if the evidence does no more than raise a mere suspicion of guilt or requires piling inference upon inference to conclude the defendant is guilty," the court will grant the motion for a judgment of acquittal. *Id*. The "evidence, together with the reasonable inferences to be drawn therefrom, must be substantial, but it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Rufai*, 732 F.3d 1175, 1188 (10th Cir. 2013) (citing *United States v. MacKay*, 715 F.3d 807, 812 (10th Cir. 2013).

The Defendant was accused and convicted in this case of the aggravated sexual abuse of his daughter J.B. in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2241(c), and 2246(2)(D). While the Defendant asserts that the evidence was insufficient to sustain a conviction, he does not discuss the evidence beyond arguing that the court erred in admitting Rule 414 evidence, specifically the testimony of L.L., C.H., M.M., and A.B., and in excluding the defense expert witness. The Government argues that the Defendant's argument regarding the sufficiency of the evidence is so inadequately developed, it should be deemed waived.

The Government also, however, points out that the testimony of the Defendant's daughter J.B. – the victim named in the Indictment – as well as the testimony of Amber Byers and Officer Hamlin was sufficient to support the guilty verdict. The court agrees. Viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, the court finds that the evidence is substantial and that a reasonable or rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The motion for judgment of acquittal is denied.

**Motion for New Trial**

Within 14 days of the guilty verdict, the Defendant may file a motion for new trial "grounded on any reason other than newly discovered evidence," which the Defendant has done by the instant motion. Fed. R. Crim. P. 33(b)(2). The court then may vacate the guilty verdict in this case and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). The court has discretion in ruling on the motion and may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). Nevertheless, "[a] motion for a new trial is not regarded with favor and is only issued with great caution." *United States. v. Herrera,* 481 F.3d 1266, 1269-70 (10th Cir. 2007).

As noted above, the Defendant's motion is based primarily on his argument that the court erred in admitting Rule 414 evidence, specifically the testimony of L.L., C.H., M.M., and A.B., and in excluding the defense expert witness.* See Docket No. 81. The Defendant suggests that these witnesses fabricated their stories and states that they admitted they would say or do

---

* The court Defendant has three children with L.L. – M.M., C.H., and L.H. The witness A.B. is the niece of C.B., who is the mother of the Defendant's daughter, the victim named in the Indictment, J.B. See Docket No. 81.

anything to make sure the Defendant stayed in jail.  The Defendant does not include any citations to the record, and the court has found nothing therein that would support such an argument.

The Defendant also argues that the court erred in excluding his expert who would have opined that there is a high likelihood that C.H., L.H., and M.M. fabricated claims of abuse by the Defendant.  See Docket No. 93.  As the court previously ruled, such testimony would have invaded the province of the jury.  Experts may not opine on another witness's credibility.  *United States v. Hill*, 749 F.3d 1250, 1258-63 (10th Cir. 2014); *Gilson v. Sirmons*, 520 F.3d 1196, 1243 (10th Cir. 2008).  *See also United States v. Magnan*, 756 Fed.Appx. 807, 813-15 (10th Cir. 2018); *Hellums v. Williams*, 16 Fed.Appx. 905, 910-11 (10th Cir. 2001).  Moreover, based on the expert's C.V., the court determined he was not qualified to testify as to forensic methodology.

The Defendant is not entitled to a new trial in this case, as the interest of justice does not so require.  The motion for new trial, therefore, is denied.

**Motion to Arrest Judgment**

The Defendant moves for the court to arrest judgment in this case pursuant to Rule 34, which provides that "the court must arrest judgment if the court does not have jurisdiction of the charged offenses.  Fed. R. Crim. P. 34(a).  The motion is timely filed.  Fed. R. Crim. P. 34(b). the Defendant argues that the Major Crimes Act is unconstitutional and thus this court lacked jurisdiction.  The Defendant is incorrect.  It is "undisputed that Congress has authority to criminalize sexual abuse of a minor in Indian country."  *United States v. Carel*, 668 F.ed 1211, 1222 (10th Cir. 2011) (citing *United States v. Kagama*, 118 U.S. 375, 383-85 (1886)).  "Indeed, the Supreme Court has expressly stated that 'Congress has undoubted constitutional power to prescribe a criminal code applicable in Indian country."  *Id*. (citing *United States v. Antelope*, 430 U.S. 641, 648 (1977)).  The motion to arrest judgment is denied.

**Conclusion**

For the reasons stated above, the Defendant's post conviction motion for judgment of acquittal pursuant to Rule 29, or in the alternative, motion for new trial pursuant to Rule 33 [Docket No. 111] is hereby DENIED. The Defendant's motion to arrest judgment pursuant to Rule 34 [Docket No. 112] is also hereby DENIED.

**IT IS SO ORDERED** this 9th day of May, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**